IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jakyri Wheeler, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-10734-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Letonya T. Simmons, and | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jakyri Wheeler, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants abridged his constitutional rights and violated various statutes in connection with his arrests on state criminal charges. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 13), concluding that Defendant Simmons, a state magistrate judge who issued one of the arrest warrants, is immune from suit, *id.* at 5–6; that Plaintiff's claims against the State of South Carolina are barred by the Eleventh Amendment, *id.* at 6–7; that Plaintiff's claims are subject to dismissal for failure to allege facts sufficient to establish a constitutional violation, *id.* at 7–9; and that, to the extent Plaintiff is challenging currently pending state criminal charges against him, his claims are precluded by the *Younger* abstention doctrine, *id.* at 10–11 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Therefore, the magistrate judge recommended the court dismiss this action without issuance and service of process and without leave to amend. *Id.* at 11–12.

On August 19, 2025, the Report was mailed to Plaintiff at the address he provided the court. (ECF No. 14). The Report has not been returned to this court marked as "undeliverable," so Plaintiff is presumed to have received it. Plaintiff was advised of his right to file specific objections to the Report and of the potential consequences of failing to do so. (ECF No. 13 at 13). Nonetheless, Plaintiff has not filed objections to the Report, and the time for doing do has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 13), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without issuance and service of process and without leave to amend.

**IT IS SO ORDERED.**

                                                             s/Timothy M. Cain
                                                            Chief United States District Judge

Anderson, South Carolina
September 19, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.